IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-266-KS

| | |
|---|---|
| LINDA S. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 11 & 13], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff Linda S. Anderson filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability and disability insurance benefits. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On August 26, 2015, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and remands the matter to the Commissioner for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and disability insurance benefits on May 19, 2011, alleging disability beginning October 1, 2010. (Tr. 51, 146.) Plaintiff later amended her alleged onset date to April 1, 2012. (Tr. 11, 27.) The application was denied initially and upon

reconsideration, and a request for hearing was filed. (Tr. 51, 61, 91-92.) On March 20, 2013, a hearing was held before Administrative Law Judge Thomas Henderson ("ALJ"), who issued an unfavorable ruling on April 26, 2013. (Tr. 19.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ). "Judicial review of an administrative

2

decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

## II. Disability Determination Process

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. (Tr. 31.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since April 1, 2012, her amended alleged onset date. (Tr. 13.) Next, he determined that Plaintiff had the following severe impairment: ventricular tachycardia status post implantable cardioverter defibrillator insertion. (Tr. 13.) Additionally, the ALJ determined Plaintiff had the following non-severe impairments: history of tobacco abuse, right eye blindness, hyperlipidemia, cystocele repair, carotid stenosis, degenerative disc disease, and hypertension. (Tr. 14.) At step three, the ALJ concluded Plaintiff's impairments were not severe

3

enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-15.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), and found that Plaintiff had the capacity to perform light work except

> [she] can perform postural activities occasionally. She must avoid concentrated exposure to vibration and work hazards including unprotected heights and dangerous machinery.

(Tr. 15-18.) The ALJ further determined that Plaintiff was capable of performing past relevant work as a plumbing sales representative. (Tr. 18.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on four grounds. Plaintiff first contends that the ALJ improperly evaluated the effects of Plaintiff's degenerative disc disease ("DDD"). Second, Plaintiff asserts that the ALJ improperly evaluated the medical limitations stemming from Plaintiff's DDD. Third, Plaintiff challenges the ALJ's credibility determination. Lastly, Plaintiff asserts that the ALJ's analysis of her functional limitations is deficient under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

### a. Severe Impairment

A "severe" impairment within the meaning of the regulations is one that "significantly limits . . . [a claimant's] physical or mental ability to do basic work activities."[1] 20 C.F.R. §§ 404.1520(c), 416.920(c). Conversely, an impairment is not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have

---

[1] Basic work activities are defined as the "abilities and aptitudes necessary to do most jobs." *Gross v. Heckler*, 785 F.2d 1163, 1165 (4th Cir. 1986) (citing 20 C.F.R. § 416.921(b)). For example, work activities might include walking, standing, sitting, lifting, pushing, pulling, and reaching; the capacity to see, hear and speak; and understanding, carrying out, and remembering simple instructions. *Id.*

no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." SSR 85-28, 1985 WL 56856, at *3 (Nov. 15, 1985); *see also Evans v. Heckler,* 734 F.2d 1012, 1014 (4th Cir.1984). The claimant has the burden of demonstrating the severity of her impairments. *Pass*, 65 F.3d at 1203.

At step two of the sequential evaluation process, an ALJ must determine whether a claimant's impairments, individually or in combination, are "severe." 20 C.F.R. §§ 404.1523, 416.923. So long as a claimant has any severe impairment or combination of impairments, the ALJ must proceed beyond step two and consider all of the impairments (including non-severe impairments) at the remaining steps of the sequential evaluation process. *Id.*; *see also* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) (explaining that the existence of one or more severe impairments requires the ALJ to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe'").

Thus, courts have found that an ALJ's failure to find a particular impairment severe at step two does not constitute reversible error where the ALJ determines that a claimant has other severe impairments and proceeds to evaluate all the impairments at the succeeding steps in the evaluation. 837 *See Jones v. Astrue,* No. 5:07-CV-452-FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009) (noting that, although the Fourth Circuit has not addressed the question, it agrees with the conclusions of these other courts); *Hill v. Astrue,* 289 Fed. Appx. 289, 292 (10th Cir.2008); *Pittman v. Astrue*, No. 5:08-CV-83-FL, 2008 WL 4594574, *4 (E.D.N.C. Oct. 10, 2008) (finding that ALJ's failure to set forth specific facts at step two regarding severity of claimant's knee impairment was not reversible error because ALJ considered all of claimant's impairments in formulating RFC); *see also Maziarz v. Sec'y of Health & Human Servs,* 837 F.2d 240, 244 (6th Cir.1987). In *Maziarz,* the Sixth Circuit stated:

5

> Maziarz argues that the Secretary erred in failing to find that his cervical condition constitutes a severe impairment. We find it unnecessary to decide this question. According to the regulations, upon determining that a claimant has one severe impairment, the Secretary must continue with the remaining steps in his disability evaluation as outlined above. In the instant case, the Secretary found that Maziarz suffered from the severe impairment of coronary artery disease, status post right coronary artery angioplasty and angina pectoris. Accordingly, the Secretary continued with the remaining steps in his disability determination. Since the Secretary properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find that claimant's cervical condition constituted a severe impairment could not constitute reversible error.

*Id.*; *see also Oldham v. Astrue*, 509 F.3d 1254, 1256-57 (10th Cir. 2007) ("easily dispos[ing]" of claimant's argument that remand was appropriate where the ALJ failed to determine that some of her impairments were "severe" because the ALJ had determined that others were "severe").

In this case, ALJ Henderson found in Plaintiff's favor at step two and proceeded to the remaining steps of the sequential evaluation process. (R. 12-14.) Moreover, he discussed the evidence relating to all of Plaintiff's impairments, including the CT scan of Plaintiff's lumbar spine (R. 16), and took Claimant's "combined impairments" into account in determining her RFC (R. 14-15). Accordingly, even if Plaintiff's lumbar DDD should have been classified as a severe impairment at step two, ALJ Henderson's failure to do so is not reversible error.

### b. Medical Opinions

An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). An ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record.

20 C.F.R § 404.1527(b) & (c); *see also Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *16 (E.D.N.C. Dec. 30, 2014). Medical opinions are "statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Controlling weight will be given to "a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* § 404.1527(c)(2); *Craig,* 76 F.3d at 590.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then determine the weight to be given the treating physician's opinion by applying the following factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidentiary support for the physician's opinion; (4) the consistency of the opinion with the record as a whole; and (5) whether the physician is a specialist in the field in which the opinion is rendered. 20 C.F.R. 404.1527(c)(2)–(5); *see also Parker v. Astrue*, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011).

Plaintiff specifically challenges the ALJ's analysis regarding Dr. Michael Curtin's and Dr. Dale Caughey's medical opinions regarding Plaintiff's functional limitations. Dr. Caughey stated:

> The claimant's impairments are moderate sitting, *moving more than 10 yards* and lifting and carrying, mildly impaired standing and traveling, but not impaired handling objects, hearing and speaking.

(Tr. 257 (emphasis added).) Dr. Caughey thus opines that Plaintiff is at least moderately impaired in her ability to move. The ALJ purported to give Dr. Caughey's opinion great weight. Yet, in

7

determining Plaintiff's residual functional capacity, the ALJ failed to credit, or even address, Dr. Caughey's opinion regarding Plaintiff's walking limitations. Instead, he simply stated in a conclusory fashion that "Dr. Caughey's opinion is generally consistent with the above residual functional capacity assessment." (Tr. 17.) Furthermore, the vocational expert testified that were a sit/stand option added, Plaintiff would be precluded from performing not only her past relevant work, but also any other work due to the light work and handling limitations involved. (Tr. 41.) The ALJ's decision giving Dr. Caughey great weight does not appear consistent with the residual functional determination. Because the ALJ failed to address the limitations noted by Dr. Caughey, the court is unable to say that the ALJ's decision is supported by substantial evidence of record.

Plaintiff next contends that the ALJ erred in giving Dr. Michael J. Curtin's opinion little weight when that opinion was largely consistent with Dr. Caughey's opinion. While Dr. Caughey's opinion noted Plaintiff's moderate limitation in moving more than ten yards, Dr. Curtin's opinion states:

> [Plaintiff] likely is unable to walk more than one-hundred yards, stand for more than 1 hour, lift any more than 10 lbs. for more than one or two hours per eight hour day.

(Tr. 312.) Thus, Dr. Caughey's and Dr. Curtin's opinions appear consistent with each other. However, the ALJ gave Dr. Curtin's opinion little weight, stating that his opinion "is not supported by the objective medical evidence of record." (Tr. 17.) The ALJ provided no explanation for the difference in weight accorded to these physicians' opinions, and the court is unable to discern any such reason on its own. Accordingly, the court finds that the ALJ's weight determination is not supported by substantial evidence.

8

### c. Remaining Challenges

Plaintiff also asserts that the ALJ erred in assessing her credibility and functional limitations. (Pl.'s Mem. at 9-10.) Because this case is being remanded for further consideration of the treating physicians' medical opinions, there exists a substantial possibility that the Commissioner's findings as to credibility and functional ability may be different on remand. Accordingly, the court expresses no opinion as to Plaintiff's remaining assignments of error.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #11] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #13] is DENIED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 9th day of March 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge